UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: Eight Thousand Seventy-Seven Dollars ($8,077.00) in U.S. Currency; | Case No.:<br>Hon. |
| Century Arms TAS47 7.62mm Rifle, S/N RAS47093186; One 7.62mm Black Magazine; 30 Rounds of 7.62 Ammunition; Smith & Wesson SD40 VE .40 cal Pistol, S/N FXR7067; One .40 cal Magazine; and 13 Rounds of .40 cal Ammunition; and | |
| Fifty-Seven Thousand Dollars ($57,000.00) in U.S. Currency, | |
| Assorted Jewelry, VL: $117,500.00, | |
| Defendants *in Rem*. | |

## Complaint for Forfeiture

Now comes plaintiff, United States of America, by and through its undersigned attorneys, and states upon information and belief in support of this Complaint for Forfeiture as follows:

## Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and (a)(11), resulting from a violation or violations of 21 U.S.C. §§ 841(a)(1) and 846, seeking forfeiture of: assorted firearms and ammunition seized from Marcus Stover at 15XXX Mettetal Street, Detroit, Michigan; $8,077 in U.S. currency seized from Shay Moton at 19XXX Ilene, Detroit, Michigan; $57,000 in U.S. currency seized from Tony Maurice Williams in Detroit, Michigan; and, Assorted Jewelry valued at $117,500 seized from Bobby Juhan Davis at 3XXX East Jefferson, Detroit, Michigan.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving

rise to the government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. §§ 1395(a)-(b) because the Defendants *in rem* were found and seized in the Eastern District of Michigan.

### Defendants *In Rem*

6. The Defendants *in rem* consists of:

   a. Century Arms TAS47 7.62mm Rifle, S/N RAS47093186;

   b. One 7.62mm Black Magazine;

   c. 30 Rounds of 7.62 Ammunition;

   d. Smith & Wesson SD40 VE .40 cal Pistol, S/N FXR7067;

   e. One .40 cal. Magazine; and

   f. 13 Rounds of .40 cal. Ammunition (collectively, Firearms and Ammunition);

   g. Fifty-Seven Thousand Dollars ($57,000.00) in U.S. Currency;

   h. Eight Thousand Seventy-Seven Dollars ($8,077.00) in U.S. Currency; and

   i. Assorted Jewelry, VL: $117,500.00

(Defendant Assets).

7. The Defendant Firearms and Ammunition were seized on November 26, 2018, by Special Agents of the United States Drug

Enforcement Administration and designated Task Force Officers during execution of a Federal search and seizure warrant at 15XXX Mettetal Street in Detroit, Michigan. The Defendant $57,000 in U.S. Currency was seized April 22, 2019, from Tony Maurice Williams by a Warren, Michigan police officer incidental to a traffic stop. The $8,077 in U.S. Currency was seized May 2, 2019, by agents and officers during execution of a Federal search and seizure warrant at 19XXX Ilene in Detroit, Wayne County, Michigan. The Defendant Assorted Jewelry valued at $117,500 was seized August 24, 2020, from Bobby Juhan Davis by agents and officers at 3XXX East Jefferson, Detroit, Michigan.

## Underlying Criminal Statutes

8. 21 U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

9. 21 U.S.C. § 846 prohibits the attempt, or conspiracy to commit, among other things, an offense under 21 U.S.C. § 841(a)(1).

4

## **Statutory Basis for Civil Forfeiture**

9. Civil forfeiture is of the Defendant Currencies and Defendant Assorted Jewelry is authorized by 21 U.S.C. § 881(a)(6), which provides, in pertinent part:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

10. Civil forfeiture of the Defendant Firearms and Ammunition is authorized by 21 U.S.C. § 881(a)(11), which provides, in pertinent part, that:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . [a]ny firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of [a controlled substance] and any proceeds traceable to such property.

21 U.S.C. § 881(a)(11).

## Factual Basis Supporting Forfeiture

11. The Defendant Assets are forfeitable to the United States because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance (and/or the attempt or conspiracy to transport, sell, receive, possess, or conceal a controlled substance), represent the proceeds traceable to such activity, or both.

12. The facts supporting this evidentiary determination include, but are not limited to, the following:

13. On or about November 2018, agents were conducting surveillance as part of an ongoing DEA investigation into a drug trafficking organization referred to as DTO 1 in this complaint. Marcus Stover is a member of DTO 1.

14. In the course of its investigation into DTO 1, agents had observed Stover deliver what they believed to be drug proceeds on at least two occasions before November 26, 2018.

15. On November 21, 2018, DEA Special Agents obtained a Federal search and seizure warrant for Stover's residence at 15XXX Mettetal Street, Detroit, Michigan.

16. On November 26, 2018, agents surveilling Stover's residence observed activities they suspected to be the secreting of drugs, proceeds of drug trafficking, or both, in a 1999 Buick Park Avenue, which was then loaded onto a U-Haul Auto Transport Trailer and towed away behind a 2018 Dodge Ram. Approximately 20 minutes later, a Michigan State Trooper conducted a traffic stop of the Dodge Ram, during which the Trooper located and seized six bricks of suspected heroin from an aftermarket concealed compartment located behind the back seat of the Buick Park Avenue.

17. At approximately the same time, at the Mettetal residence, agents continued to observe Stover and other individuals engaging in activities that agents recognized through training and experience to indicate the residence was being used for drug trafficking.

18. Following observance of the activities described above on November 26, 2018, agents executed the previously obtained warrant at Stover's residence, locating and seizing, in addition $132,107.11 in loose currency from around the residence and other items of evidence, the following:

7

    a. Century Arms RAS47 ("AK-47") rifle on the floor loaded with a magazine containing 29 rounds of 7.62 caliber ammunition and one round in the chamber;

    b. Smith & Wesson SD40 VE pistol on the nightstand loaded with a magazine and one round in the chamber;

    c. AK-47 drum magazine loaded with 60 rounds of 7.62 caliber ammunition;

    d. 14 rounds of .40 caliber ammunition; and

    e. one round of 7.62 caliber ammunition.

19. DEA Special Agents know through training and experience that drug traffickers commonly maintain firearms to protect themselves, their associates, their drugs, and their proceeds.

20. On or about April 22, 2019, agents were conducting surveillance on a residence at 19XXX Ilene in Detroit, Michigan, the residence of Shay Moton, another member of DTO 1.

21. Agents observed Moton leave the residence in a gray Jeep Wrangler, and drive to the corner of West Outer Drive and Roselawn in Detroit and park. Agents observed her meet with an individual later identified as Tony Maurice Williams.

22. Agents observed Moton retrieve a Foot Locker bag from the Jeep Wrangler and hand it to Williams, who then entered a black 2003 Mercury Marauder and left the area.

23. At the agents' direction, a Warren, Michigan K-9 Officer conducted a traffic stop of the 2003 Mercury Marauder. During the stop, the K-9 Officer used his trained narcotics K-9 to conduct a drug sniff of the vehicle. The K-9 alerted to the odor of controlled substances in the area behind the front seat. The K-9 Officer discovered behind the front seat a Foot Locker bag containing U.S. currency wrapped in clear plastic. The amount of currency was later determined to be $57,000.

24. Williams told agents the currency was his money that he had saved for 15 years, and that it was wrapped in plastic because it is easier to handle. Williams denied having any bank statements, and told agents he buys, sells, and fixes cars for a living. Agents seized the currency as suspected proceeds of drug trafficking, or currency used to facilitate drug trafficking.

25. Based on Moton's activities on April 22, 2019, in combination with other evidence obtained in the investigation, on May 2, 2019, agents obtained a Federal search and seizure warrant for the Ilene residence.

26. Agents executed the warrant at the Ilene residence on May 2, 2019. In the search they located and seized, in addition to other items

of evidence, $8,077 in U.S. currency, consisting of $2,577 located in the bedroom dresser, and $5,500 located in a bag hanging on the door of the bedroom closet. A narcotics K-9 alerted positively to the odor of narcotics on both amounts of currency. Agents seized the $8,077 as suspected proceeds of, or currency used to facilitate, drug trafficking.

27. DEA Special Agents know through training and experience that persons engaged in drug trafficking commonly generate large amounts of money and must maintain large amounts of U.S. currency on hand in order to maintain and finance their on-going drug business.

28. In or about February 2020, agents identified Bobby Juhan Davis as a narcotics distributor for DTO 1. During extensive surveillance of Davis, agents observed Davis meeting with and directing members of DTO 1, who later conducted drug transactions. Agents also identified 15XXX Monte Vista, a residence associated with Davis, as a location used to package and store drugs and drug paraphernalia.

29. On or about August 14, 2020, agents obtained Federal search and seizure warrants for 15XXX Monte Vista in Detroit, and another residence associated with Davis, an apartment at 3XXX East Jefferson in Detroit.

30. On or about August 24, 2020, agents executed the warrant at the Monte Vista residence. Agents seized from the residence and the vehicle in the garage numerous suspected controlled substances, including approximately 3 kilograms of cocaine, 10 pounds of suspected methamphetamine, a clear plastic bag containing suspected heroin, and two clear plastic bags containing a substance confirmed to be fentanyl. Agents learned the basement of the residence was equipped with a "kilo press," masks, and other paraphernalia that facilitated the mixing and packaging of fentanyl, methamphetamine, cocaine, and heroin. Agents also seized a Sig Sauer handgun loaded with 12 rounds of .40 caliber ammunition.

31. On or about August 24, 2020, agents executed the search and seizure warrant at the 3XXX East Jefferson apartment. As the agents were approaching the apartment, they encountered Davis leaving and took him into custody without incident. Davis was found to be carrying the following assorted jewelry:

    a) 10 kt yellow gold cuban link diamond chain;

    b) Man's 18K yellow gold Oyster Perpetual Day-Date Rolex 228238 watch;

    c) 10K yellow gold rope chain and diamond 5 Mile charm;

11

      d) 10K yellow gold rope chain and diamond dice charm; and

      e) 4K yellow gold diamond eternity necklace and diamond Jesus charm.

32. DEA Special Agents know through training and experience that drug traffickers commonly purchase high-value items such as jewelry or expensive vehicles with the proceeds of their unlawful activity to conceal its source from law enforcement.

33. Agents seized the assorted jewelry, later valued at $117,500.00, as items of purchased with the proceeds of drug trafficking.

## **Claim**

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs One through Thirty-Three above.

35. Based upon the facts outlined above and the applicable law, the Defendant $8,077, Defendant $57,000, and Defendant Assorted Jewelry are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, or used

or intended to be used to facilitate drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and/or 846.

36. Based upon the facts outlined above and the applicable law, the Defendant Firearms and Ammunition are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(11) because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance (and/or the attempt or conspiracy to transport, sell, receive, possess, or conceal a controlled substance), in violation of 21 U.S.C. §§ 841(a)(1) and/or 846.

## **Conclusion and Relief**

WHEREFORE Plaintiff respectfully requests that warrants for arrest of the Defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States be granted other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

                                        SAIMA S. MOHSIN
                                        Acting United States Attorney

                                        s/ Michael El-Zein
                                        Michael El-Zein
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI 48226
                                        (313) 226-9770
                                        michael.el-zein@usdoj.gov
Dated: December 14, 2021         P79182

## **VERIFICATION**

I, Matthew M. Essenmacher, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture, and assert under penalty of perjury under the laws of the United States of America that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information that I received from other law enforcement agents and/or officers.

Dated: December 13, 2021

*/s/ Matt Esse_____*

Special Agent Matthew M. Essenmacher
Drug Enforcement Administration