UNITED STATES OF AMERICA
IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**United States of America**

       Plaintiff,              Case No 2:21-cv-12912-SJM

**v.**

**Eight Thousand Seventy-Seven
Dollars ($8,077.00) in U.S. Currency**

**Century Arms TAS47
7.26mm Rifle, S/N RAS47093186;
One 7.62mm Black Magazine;
30 Rounds of 7.62 Ammunition;
Smith & Wesson SD40 VE .40 cal Pistol,
S/N FXR7067; One .40 cal Magazine; and
13 Rounds of .40 cal Ammunition; and**

**Fifty-Seven Thousand Dollars ($57,000.00)
In U.S. Currency,**

**Assorted Jewelry, VL: $117,500.00**

       Defendants, In Rem.

**Tony Williams,**

       Claimant
_____

### CLAIMANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR ENTRY OF ORDER TO STAY CIVIL FORFEITURE PROCEEDINGS

1

Here we go again.[1]  It seems like only a month ago Claimants, through the ostensible owner of the property in question that was confiscated without process almost three years ago, argued that Claimant's case against the government should go through as the government had continually delayed the determination of this case.

Actually, that was only about a month ago.  This complaint was filed October 18, 2021.  The initial complaint notes that on June 12, 2019, Tony Williams received from U.S. DOJ Drug Enforcement Agency (DEA) a Notice of Seizure of Property and initiation of Administrative Forfeiture Proceedings, dated June 12, 2019.  In response thereto, on June 18, 2019, Williams filed the requisite Claim of Interest.

The case kept receiving extension after extension.  While there is some contention as to the notice of certain extensions, such is not relevant at this point. What is relevant is that another extension was filed under seal, without filing a complaint in regards to the money at issue, despite the statute calling for a ninety day period in which to do so.  Indeed, the latest extension, filed under seal, resulted in the Plaintiff filing its complaint literally on the 89th day of the extension.

Williams argued that the government seemed to believe that it could simply keep postponing these proceedings indefinitely; the government clutched its pearls and argued that such a result was completely untenable and this last delay secured

---

[1] Claimant only asserts a claim to the $57,000 in US Currency.  He makes no claim regarding the $8,000, firearms, and jewelry at issue.

under seal was justified. Plaintiff has consistently held Claimant's funds in limbo, without justification, and only filed their complaint the last day prior to the expiration of the December 15, 2021.

Plaintiff specifically argued that Williams claim should be dismissed, and Plaintiff's complaint accepted as valid, because it was within the last extension period. In that regard, Plaintiff specifically stated that it was not seeking to endlessly delay – thus their complaint should be accepted and Williams' dismissed. Williams argued that there was no legitimate interest in Claimant possessing the asset in this case while it decides whether or not to pursue criminal charges or seek forfeiture. As noted in the Departments own manual:

> The government is not required to have an asset subject to criminal forfeiture in the government's possession during the pendency of a criminal forfeiture proceeding. That is because criminal forfeiture proceedings are in personam— so the court does not need to have in rem jurisdiction over the asset (which type of jurisdiction typically requires the government to have possession of the asset) to make the asset subject to criminal forfeiture. The criminal forfeiture statutes accordingly contemplate that assets subject to criminal forfeiture might remain in the Claimant's custody until the court enters a preliminary order of forfeiture. See 21 U.S.C. § 853(g) ("Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited")

As noted, the government was not required to possess the asset for the almost 859 days while the potential forfeiture action was contemplated. As argued in the companion case, due to the extreme length of the possession without charge, this

would appear to one of those cases where it is not only not intended, but not allowable to simply keep the asset from its lawful and present possessor while the government treads at a snail's pace to decide what it would like to do with the matter.

Now, the government seeks to again delay the resolution of this matter while it investigates criminal activity that it has had three years to ferret out – further, it does not appear that the criminal charges are against Williams, or even the funds at issue, but rather others who may be alerted to these charges through civil discovery. Incredibly, now that extensions have apparently ran their course, Plaintiff now seeks INDEFINITE stay to hold these funds perpetually. This cannot be countenanced.

The cases cited by Plaintiff have one glaring consistency that should be recognized by this Court in deciding whether to allow this stay in light of the two-and-a-half year extensions already granted to Plaintiff in filing its complaint – from the available information in the case law, the cited cases do not have a similar ad hoc extension prior to the seeking of a stay.

For example, in Plaintiff's cited U.S. v. All Funds On Deposit in Suntrust Acc. Nu., 456 F.Supp.2d 64 (D. D.C. 2006), the Court goes to great lengths to discuss the background of the case – multiple extensions are not mentioned:

> A little background is in order. The Complaint in Forfeiture alleges that the Claimant properties are subject to forfeiture under 18 U.S.C. § 981(a) because they constitute property involved in an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. G & SR has filed Claims of Ownership and an Answer to the

4

> Complaint; it maintains that it does not need to be licensed or registered because it is not in the business of transmitting money. Although they have made some efforts, the parties have been unable to agree to stipulations of fact as to how the business operates. G & SR's counsel has indicated that, given the existence of the criminal investigation, he would not permit G & SR's controlling officials to be deposed in the civil case. The United States says that it cannot proceed with the civil case when discovery is so curtailed and, therefore, it requests a stay.[Id at 65]

No lengthy pre-complaint extension history is mentioned. As noted in that case, the issue at hand is fairly straightforward:

> The Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106-185, § 8, 114 Stat. 202 (codified at 18 U.S.C. § 981 (2000)), anticipated this very issue. Section 981(g)(1) provides:
> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely effect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> 18 U.S.C. § 981(g)(1). Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay. Indeed, "civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties." *McSurely v. McClellan*, 426 F.2d 664, 671-72 (D.C.Cir. 1970). However, the government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case. *Id*.

5

In the instant case, while it is true that Claimant will enter into discovery including interrogatories, depositions, etc. – Claimant wishes to obtain its improperly seized assets as would anyone – this cannot be said to hinder this investigation. The investigation has had TWO-AND-A-HALF-YEARS for law enforcement to do its thing. Will Claimant be charged? Then Plaintiff should charge Claimant and get on with the case. As noted, there is no reason to fully dispose of either case without the other – they can go on separate tracks. What is required is that the government actually do something – rather than perpetually talk about doing something – and not hold Claimant's $57,000 hostage indefinitely while it mulls its options until the end of the criminal statute of limitations.

The language of the statute would seem to raise a very short bar for imposition of a stay, yet, "[t]here is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding." Id.; accord, e.g., United States v. Currency $716,502.44, No. 08-CV-11475, 2008 WL 5158291, at *4 (E.D.Mich. Dec. 5, 2008) ("Neither the fact that the Government would be subject to civil discovery, nor bare assertions of hardship by the Government, are enough to satisfy the statutory standard.").

Simply put, Plaintiff has no idea what discovery might be requested in this case – indeed, even Claimant has no idea at this point. Litigation often has a mind of its own, and the matter might be able to be determined with a simple explanation

6

of the source of funds, receipts, etc, that would not invoke any infringement on the government's position. Indeed, since the government has held Claimant's property for two-and-a-half years, it would seem that the requisite time to determine the source and legality of the funds has been met abundantly. Since the facts at the time of the confiscation are fairly clear, any charging decisions have had a plethora of time to have been made. At the very least, so as not to prejudice Claimant, the civil case should be allowed to continue – possibly even resolved by settlement – while the government continues to mull over its criminal options, unless some discovery request actually violates the spirit of the statute and can be shown to harm the criminal case. Until then, any stay is based solely on pure speculation as to what may happen.

## RELIEF REQUESTED

**WHEREFORE** Claimant respectfully requests this Honorable Court DENY Plaintiff's motion to stay proceedings. Further, Claimant does not oppose Plaintiff's motion to file under seal and leaves same to this Court's Discretion.

Dated: January 13, 2022    /s/Amir I. Makled_____
　　　　　　　　　　　　　Amir I. Makled (P76306)
　　　　　　　　　　　　　Hall Makled P.C.
　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　23756 Michigan Ave. Ste. 300
　　　　　　　　　　　　　Dearborn MI 48124
　　　　　　　　　　　　　(313) 788-8888
　　　　　　　　　　　　　amakled@hallmakled.com

## **CERTIFICATE OF SERVICE**

Plaintiff states and avers that on March 11, 2022, he served a copy of the forgoing document on Plaintiff's attorney of record via the Court's Electronic Filing System.

Dated: March 11, 2022

/s/Amir I. Makled_____
Amir I. Makled (P76306)
Hall Makled P.C.
Attorney for Plaintiff
23756 Michigan Ave. Ste. 300
Dearborn MI 48124
(313) 788-8888
amakled@hallmakled.com

LOCAL RULE CERTIFICATION: I, Amir Makled, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).